HOWARD W. PRESTON *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

APRIL 26, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari to review a decision of the respondent zoning board of review in granting an application for an exception to the zoning ordinance to permit certain premises in a dwelling house district A to be used for a photography studio and professional offices. The writ has been complied with and the relevant papers are before us for our inspection.

On July 5, 1960 Roger Williams as the applicant and Budlong Rose Company as the owner filed an application with the respondent board for an exception or variation to the provisions of the zoning ordinance affecting lots numbered 3052 and 3053 on assessor's plat No. 11, section 6. The two lots have a combined frontage of 135 feet and a depth of 120 feet with an area of 16,200 square feet.

There is at present on the lots a building 24 by 32 feet which has been used as a real estate office. The applicant intends to enlarge it with an addition 18 by 32 feet and sometime later to construct a building 30 by 60 feet adjoining the present structure. The present building is numbered

633 Budlong road. The lots in question lie on the westerly side of Budlong road at the point where that road and Dean Parkway meet just westerly of Reservoir avenue. Easterly and almost directly opposite is the section called Garden City.

The applicant is a commercial photographer. He testified that he bought the real estate building; that he thought the neighborhood was the finest in the state; that the building would be perfect for his business with parking accommodations for six or seven cars; and that he planned to have a sign in front 4 by 8 feet advertising himself as a photographer, with a light shining upon it from 7:30 to 10:30 p.m.

Harry F. Livezey testified that he lived on Fairfield road, was a builder, a registered professional engineer, and a licensed real estate dealer. He appeared to be in favor of granting the application.

Howard W. Preston, whose property is directly west of lot No. 3052, said that he was induced to buy there because all of the land in back of his property was zoned dwelling A. He wanted it to remain that way and felt that if a photographer's studio and professional offices were permitted it would shortly become wholly commercial.

Eastman M. Page of 12 Bennington road testified that when he bought he was assured that the plat office was designed to be converted into a dwelling as soon as the plat was completed. He said that they had one of the best residential sections in Cranston and it should be kept that way; that he thought they were entitled to protection; and that it did not make sense to allow business to get a foothold in the best residential section of Cranston.

Francis Madeira and his wife Jean Madeira of 27 Bennington road testified along the same lines as Mr. Page.

William Duhig of 34 Bennington road testified that he bought because the section was zoned residential but was near enough to church and stores so that his wife could walk to them as she did not drive a car.

Mrs. Anthony Porreca of 5 Dean Parkway stated that she opposed the petition for the same reasons as set forth by Mr. Duhig.

In addition to those who appeared and testified, a paper containing some twenty or more names of nearby residents, all of whom opposed the application, was introduced.

The board viewed the premises, and in a written decision granting the application stated:

"* * * The Board weighed the public interest to be served by the proposed photography studio and professional offices and has given due consideration to the objections of those persons who are opposed to the application as presented and the Board concludes that the application for an exception should be granted pursuant to Sections 27B (1) and 27B (8) of the Zoning Ordinance.

"After considering all of the evidence and testimony presented at the hearing and after viewing the premises and the surrounding neighborhood and after considering the presence of a gasoline station directly across Budlong Road on a portion of Lot No. 3038, the location of the premises near a busy heavily travelled intersection, and the proximity of the premises to the Garden City Shopping Center across Reservoir Avenue, and after giving proper consideration to the nature of the proposed use and the fact that the building located on the premises has been previously used for a real estate office, the Board finds the exception as granted:

"1. Will not substantially or permanently injure the appropriate use of the neighboring property;

"2. Will be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in that district; and

"3. Is necessary to secure an appropriate development of the lot in question."

The petitioners are aggrieved by the decision of the board and give several reasons therefor, among which are the following:

(1) "The findings upon which the said Board based its decision are not supported by the evidence."

(2) "Said decision is illegal in that the proposed use (a) is contrary to the public interest and will result in a depreciation of the value of the property owned by your petitioners; (b) will substantially and permanently injure the appropriate use of neighboring property; (c) is not in harmony with the character of the neighborhood and is not appropriate to the uses and buildings authorized in that district; and (d) is not necessary to secure an appropriate development of the two lots in question."

(3) "Said decision amounts to 'spot zoning.' "

The lots being considered are in a dwelling house district A and the applicant desires a use of the lots that is not permitted therein. The zoning board of review has the authority to grant the change of use if made upon evidence. The ordinance on which the board relies to grant a special exception reads in part as follows:

"Sec. 27. Powers of board of review.
* * *

"B. Special exceptions. When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows:

"(1) The location of any use listed in subdivision A of section 6 or in subdivision A of section 7 in any part of an 8000 square foot area district.
* * *

"(8) In any district any use or building deemed by the said board to be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in such district * * *."

The only witnesses in favor of a change of use were Livezey and the applicant. Livezey appeared to favor the change because he was desirous of seeing more industry in Cranston. The applicant believed the location to be ideal

for his business and also for a group of professional men such as doctors, dentists, engineers, etc.

Against the evidence of those in favor was that of Preston, Page, the two Madeiras, Duhig and Porreca, all of whom were opposed to the requested change since to them it meant a deterioration of the value of their property and a loss of quiet characteristic of a purely residential section.

In addition to those who appeared at the hearing there were some twenty or more who signed a petition opposing a change.

Can it be said that the evidence showed that the "public convenience and welfare would be substantially served" by the requested change? We think not. The ordinance uses the word "substantially." *Lowry* v. *Zoning Board of Review*, 90 R. I. 350, 158 A.2d 150. There is no doubt that the applicant and perhaps others would be served, but the great number of people residing in the neighborhood made it clear that they would not be aided by the requested change. The evidence clearly shows that the public as a whole in the area of the applicant's lots would not be served and do not desire the contemplated change. *Fratantuono* v. *Zoning Board of Review*, 90 R. I. 449, 159 A.2d 378.

In *Nutini* v. *Zoning Board of Review*, 78 R. I. 421, at page 423, in construing the use of the words "public convenience and welfare" found in the ordinance, we said we could not agree with the contention that those words were limited to the people of the immediate neighborhood. Doubtless a building containing offices for dentists, doctors and engineers would draw persons from a greater area than the immediate neighborhood, but in the instant case there is absolutely no evidence from anybody that there is a need for such services as would be given by the requested use.

The board refers to the fact that the building on the premises under consideration has been used as a real estate office. There is no evidence that it was placed there by permission of the board. It appears to be a building such as

is usually erected on a plat for temporary use and from which lots are sold.

The board also refers to the proximity of Garden City Shopping Center as a reason for granting an exception. The very nearness of that shopping center shows the lack of necessity for extending business uses into Budlong road. The petitioners are well aware of the nearness of Reservoir avenue and its traffic and are therefore opposed to commercializing Budlong road even to the extent that would be accomplished were the requested exception to be allowed.

What we said in *Harte* v. *Zoning Board of Review*, 80 R. I. 43, at page 52, might well be repeated here: "As we have stated previously, the power to grant exceptions is broad but its exercise by the board is not without some limitation. That power was intended to be used sparingly in exceptional cases to prevent placing on the property unnecessary burdens which would in effect deprive an owner of the reasonable and beneficial use of his property and to provide a flexibility in exceptional cases that would protect the owner against arbitrary effects that might follow from a literal enforcement of the terms thereof."

The city has been zoned by its law-making body. The zoning board of review has authority to make exceptions under the ordinance and grant variances therefrom but only upon evidence that the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured. Evidence is wholly lacking in this case that the public will be substantially served and there is much evidence that neighboring property will be substantially injured.

The decision of the board without supporting evidence is arbitrary and an abuse of its discretion. We find it unnecessary to consider other objections to the board's decision raised by the petitioners.

The petition for certiorari is granted, the decision of the respondent board is quashed, and the records in the case

which have been certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

*Higgins & Cavanagh, Joseph V. Cavanagh, Harold E. Adams, Jr.,* for petitioners.

*Charles A. Kelley,* City Solicitor, *Abraham Goldstein,* Assistant City Solicitor, for City of Cranston.