In the Matter of HUMBLE OIL & REFINING COMPANY et al., Appellants, v. ALLEN E. DEKDEBRUN et al., Constituting the Town Board of the Town of Amherst, et al., Respondents.

Fourth Department, December 2, 1971.

*Lipsitz, Green, Fahringer, Roll, Schuller & James (Evan E. James* of counsel), for appellants.

*Leland G. Davis* for respondents.

WITMER, J. Petitioners, the Humble Oil & Refining Company, lessee, and Roy Windnagle and wife, owners of a 1½ acre parcel of land (about 264 feet square) at the northwest corner of the intersection of Transit and Maple Roads in the Town of

Amherst, appeal from the judgment of Special Term confirming the determination of respondent Town Board of the Town of Amherst, which denied their application to rezone the property from R-3 Residential to B-3 Commercial. The application, in one instrument, included a request for similar relief by the owner of over 40 acres of land surrounding the subject parcel on the west and north, zoned partially R-3 and partially S-A (Suburban Agricultural). The owner of the larger parcel sought permission to use it for a large K-Mart discount store and other stores, and petitioners sought permission to use the subject parcel for the erection and operation of a gasoline service station.

The application was referred in the usual course to the Town Planning Board, which unanimously approved it as to both parcels; and in its letter to the Town Board advising of its action, the Planning Board recommended that the Town Board's action be made with the reservation, " that approval of the ' Exceptional Development ' provision [proposal] be withheld pending resubmission of a development plan considering: [with respect to the subject parcel]

" 1. Architectural elevations of the proposed automobile service station, including the intended circulation system, green areas, curbing, and plantings proposed in addition to vehicle parking areas and screening to be provided. &ast; &ast; &ast;

" 3. Drainage plan.

" Further, the Planning Board recommends that no development occur on this property unless considered as an integral part of an ' Exceptional Development ' involving the whole. "

The members of the Town Board thereupon conducted a public hearing upon the application, and then, in disregard of the quoted recommendation of the Planning Board, granted without reservation the application with respect to the larger parcel, but denied it completely with respect to the subject parcel.

Appellants contend that in view of the zoning actions by the respondent board in relation to all land in the Town of Amherst in the vicinity of the subject parcel, and the present use and authorized use thereof for commercial purposes, denial of the application with respect to this parcel, while granting it with respect to the larger parcel, amounts to reverse " spot zoning " against them and to an unlawful " taking " of this parcel without due process of law. The record shows that the subject property is now a residentially zoned " island " in a large area of property, north, south and west of it, which is zoned and used for commercial purposes. In addition, across Transit Road, to

the east of the subject property, lies the Town of Clarence, and the properties in that town in the area of the subject parcel are also zoned and used for commercial purposes. Directly south of this parcel, across Maple Road, is a gasoline service station, and directly east of subject parcel across Transit Road is another service station in the process of reconstruction. Appraisers have estimated that the subject parcel as now zoned is worth $20,000, and that if zoned B-3 Commercial with permission for use as a gasoline service station, it will be worth $138,500.

In their answer herein respondent board admit " that the property * * * will be isolated in a business zone which does and will make its use for residential purposes unreasonable; that the value of the said property zoned for residential use is only a fraction of the value which it would have if zoned for business use, as is the surrounding property ", and " that by reason of the action of the Amherst Town Board, petitioners have sustained significant financial loss and will continue to sustain such loss." The board allege, in justification of their action, that in " exercising the discretion conferred upon them by law " they " determine that it would be inappropriate in the interest of responsible community planning to authorize a gasoline service station at the northwest corner of Transit Road and Maple Road ", in view of the existence of the other two gasoline service stations across the roads therefrom, south and east.

We find that the action of respondent board in refusing to rezone this property as requested was unreasonable, arbitrary and capricious; and that the continuance of petitioners' property in the R-3 zone constitutes an unconstitutional application of the ordinance. " When an ordinance goes so far as to preclude the use of the property for any purpose for which it is reasonably adapted, it is confiscatory and must be held unconstitutional " (*Summers* v. *City of Glen Cove,* 17 N Y 2d 307, 309; and, see, also *Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493, 499). In view of the admitted change in the zoning, the commercial use of all the property surrounding the subject parcel, and the location at a busy intersection, " it can hardly be said that the land is reasonably adapted to residential use " any longer (*Stevens* v. *Town of Huntington,* 20 N Y 2d 352, 356; see, likewise, *Vigilant Investors Corp.* v. *Town of Hempstead,* 34 A D 2d 990). Although large economic loss will be suffered by an owner from a refusal to rezone, that fact alone will not entitle him to a change of zoning (see *Salamar Bldrs. Corp.* v. *Tuttle,* 29 N Y 2d 221, and discussion at pp. 224-227). Nevertheless, with respect to an application for a variance it has been held that

where significant economic injury will be suffered by an owner if a variance should be denied, the refusal to grant the variance must be justified by the board " by a showing that the public health, safety and welfare will be served by upholding the application of the standard [ordinance] and denying the variance " (*Matter of Fulling* v. *Palumbo,* 21 N Y 2d 30, 33). The same principle is applicable to petitions for change of zoning in circumstances such as exist in this case (*Salamar Bldrs. Corp.* v. *Tuttle, supra; Socha* v. *Smith,* 33 A D 2d 835, affd. 26 N Y 2d 1005). Thus, on the facts the board could not lawfully deny the application without a showing that their action would serve the public health, safety and welfare. The board did not make this showing.

Where an ordinance does not contain standards for determining action thereunder, but reserves to the Town Board the discretion of determining whether a special permit should be issued, the ordinance is not invalid for that reason, but the board must act reasonably (*Green Point Sav. Bank* v. *Zoning Appeals Bd.,* 281 N. Y. 534, 538–539). Whether the establishment of a gasoline service station will imperil the safety of persons and property is a legitimate consideration for the Town Board in acting upon such an application (*Green Point Sav. Bank* v. *Zoning Appeals Bd., supra,* p. 539). But the mere existence of two other gasoline service stations across the streets from such property will not justify the denial of a special permit for a gasoline service station for the subject property, for that fact, in itself, is not related to the health and safety of the community (see *Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508, 522; *Matter of Pomerantz* v. *Lehmann,* 55 Misc 2d 315, 317; *Matter of Koch* v. *Zoning Bd. of Appeals,* 54 Misc 2d 1090; *Matter of Bar Harbour Shopping Center* v. *Andrews,* 23 Misc 2d 894, 907; *Matter of Cunningham* v. *Planning Bd. etc. of Town of Brighton,* 157 N. Y. S. 2d 698, 702).

The judgment appealed from should, therefore, be reversed and the Town Board should be directed to grant the application of appellants for change of zoning of such property from R-3 to B-3 Commercial. In accordance with the suggestion of the Planning Board, appellants should be afforded the opportunity to resubmit in greater detail their plans for use of this property, as so rezoned, for gasoline service station purposes, for approval by the Planning Board and respondent Town Board (Town of Amherst Zoning Ordinance, § V, subd. 15). In the absence of a more substantial basis for denial of such application than that stated by the board in their answer to the petition herein, the new application should be granted.

Marsh, J. P., Gabrielli, Cardamone and Henry, JJ., concur.

Judgment unanimously reversed on the law, with costs, and petition granted in accordance with opinion by Witmer, J.