■ CHANNING REUSCHENBERG et al., Respondents, v TOWN OF HUNTINGTON, Appellant.—In an action, *inter alia,* for a judgment declaring the Zoning Chapter of the Code of the Town of Huntington void and of no effect as to the plaintiffs' property, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered January 30, 1987, which, upon a nonjury verdict, *inter alia,* declared the Zoning Chapter of the Code of the Town of Huntington void and of no effect as to the plaintiffs' property, and directed the defendant to accept and process a building permit from the plaintiffs for the industrial use of their property.

Ordered that the judgment is modified, on the law, by adding to the first decretal paragraph thereof after the words "of the Town of Huntington is", the words "unconstitutional and"; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Town Board of the Town of Huntington for the rezoning of the plaintiffs' property in an appropriate manner.

At the time of purchase, the plaintiffs' property was zoned R-40 which was essentially a one-family residential classification, requiring area of not less than one acre per dwelling. The plaintiffs' approximately 11½ acres, located in the Town of Huntington, is bounded on the west by a LILCO right-of-way, to the south by a Long Island Rail Road right-of-way and to the east by a sandmining and gravel operation located in the Town of Smithtown. To the south of the Long Island Rail Road right-of-way lies the area known as the East Northport landfill or Huntington Dump and to the west of the LILCO right-of-way lies a bus depot. The property north of the plaintiffs' property is zoned and developed for residential use. The plaintiffs introduced uncontroverted testimony at the trial which indicated that since no effective buffering exists be-

tween the plaintiffs' property and surrounding industrial operations, these overriding deleterious surrounding land uses with their ancillary negative impacts such as glare, noise, fumes and traffic render the plaintiffs' property unsuitable for single-family dwellings on one acre.

The Town Planning Board adopted a comprehensive plan in or about 1965 which designated the plaintiffs' property for industrial use even though the then-existing zoning ordinance designated the property for residential use. Prior to purchasing the property for $165,000, the plaintiffs were shown the comprehensive plan by the town's Director of Planning and were allegedly led to believe that they would be able to operate their precast concrete business on the site. Upon learning that the property was actually zoned for residential use, the plaintiffs applied to the town to have the property rezoned for industrial use. The plaintiffs' application was denied.

The Supreme Court, in reliance on *Udell v Haas* (21 NY2d 463), *Curtiss-Wright Corp. v Town of E. Hampton* (82 AD2d 551), and *Northeastern Envtl. Developers v Town of Colonie* (72 AD2d 881), determined that the zoning ordinance was not in accordance with the town's comprehensive plan and was, therefore, ultra vires as violative of section 263 of the Town Law. However, in the cases cited by the Supreme Court, the properties in question were rezoned after the town's comprehensive plan had been adopted. In the instant case, the zoning ordinance predated the adoption of the comprehensive plan by the Town Planning Board and was never amended to reflect the plan's recommendation that the plaintiffs' property be zoned for industrial use. After the plaintiffs' application to have the property rezoned was denied by the town, the plaintiffs did not seek judicial review of the denial of their application.

We agree with the plaintiffs, however, that the zoning ordinance, as applied to their property, was discriminatory and, therefore, unconstitutional. Although the Supreme Court correctly determined that the plaintiffs failed to sustain their burden of proving by "dollars and cents" evidence that the zoning ordinance was confiscatory *(see, Tilles Inv. Co. v Town of Huntington,* 137 AD2d 118, and cases cited therein), "[a]llegations of confiscation are separate and distinct from allegations of discrimination or allegations that the zoning ordinance is not in accordance with a comprehensive plan" *(Jurgens v Town of Huntington,* 53 AD2d 661, 662).

The plaintiffs' property is virtually surrounded by industrial

operations and the town offered no acceptable explanation to justify the differential treatment accorded the plaintiffs' property *(Udell v Haas, supra)*. The plaintiffs also amply demonstrated a likelihood that they would suffer a substantial loss if the zoning ordinance were allowed to stand *(Udell v Haas, supra)*. Moreover, as in *Jurgens v Town of Huntington (supra)*, the fact that the town's zoning ordinance is not in accordance with its comprehensive plan is a further indication that the zoning ordinance unjustifiably discriminated against the plaintiffs' property.

In light of our determination, the matter is remitted to the Town Board of the Town of Huntington to rezone the plaintiffs' property in an appropriate manner. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.