SECOND DEPARTMENT, OCTOBER, 1993

(October 4, 1993)

■ DAVID COHEN et al., Appellants, v PATRICK R. VECCHIO et al., Respondents. [602 NYS2d 408] —In an action for a judgment declaring that the rezoning of the plaintiffs' property from a "WSI" commercial zone to a "R-10" residential zone was unconstitutional, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), entered April 5, 1991, which granted the defendants' motion for summary judgment.

Ordered that the order is affirmed, with costs.

In 1987 the plaintiffs' property, along with several other parcels near the Smithhaven Mall in Smithtown, was rezoned as part of an effort to slow the commercial growth of the area and to improve traffic conditions. The plaintiffs brought this action claiming that the rezoning was not done pursuant to a comprehensive plan and that it constituted a taking. Contrary to the plaintiffs' contentions, we find that the Supreme Court properly granted the defendants' motion for summary judgment.

In their motion for summary judgment, the defendants asserted that the rezoning was done pursuant to a comprehensive plan in order to insure future cohesive development in the area, to contain the high rate of commercial development, and to improve traffic flow and ease congestion. They further asserted that development and use of the subject rezoned

property was economically viable. These assertions were supported by an affidavit of the Town Planning Director, minutes of the December 4, 1986, Town Board hearing on the rezoning proposal, and a traffic study of the area.

The strong presumption of constitutionality of zoning regulations *(see, Matter of Torsoe Bros. Constr. Corp. v Architecture & Community Appearance Bd. of Review,* 120 AD2d 738, 739; *Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville,* 51 NY2d 338, 344, *cert denied* 450 US 1042), combined with the defendants' submission of the affidavit and documentary evidence, sufficed to establish the defendants' entitlement to judgment as a matter of law. Thus the burden shifted to the plaintiffs to lay bare their proof and demonstrate the existence of a triable issue of fact *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The plaintiffs failed to meet this burden. Their conclusory assertion that the rezoning was not done pursuant to the comprehensive plan was insufficient to raise an issue of fact. Furthermore, they failed to raise an issue of fact pertaining to whether a taking had occurred.

When a zoning regulation is attacked as confiscatory and unconstitutional, the owner must establish that no reasonable return may be had from any permitted use *(see, McGowan v Cohalan,* 41 NY2d 434, 436; *Matter of Grimpel Assocs. v Cohalan,* 41 NY2d 431, 432). At oral argument on the motion, the plaintiffs acknowledged that the property as rezoned could be used for an economically propitious reason. Although they argued that no one would build a house there because nobody would buy the houses, these arguments were mere conjecture and were unsupported by evidentiary proof in admissible form. Thompson, J. P., Bracken and Eiber, JJ., concur.

Balletta, J., dissents, and votes to reverse the order appealed from and to deny the defendants' motion for summary judgment. I respectfully disagree with my colleagues in the majority. It is well settled that summary judgment is a drastic remedy which will only be granted where there are no material and triable issues of fact *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Issue finding, as opposed to issue determination, is the key to summary judgment *(Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261), and the papers should be scrutinized carefully in a light most favorable to the party opposing the motion *(see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976). The court's obligation is not to resolve questions of credibility but to determine whether there exists a factual issue or if there is arguably a genuine issue of fact *(see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d

338, 341). Applying these principles to the case at hand, I am of the opinion that the plaintiffs have shown, through the submission of the Town's own studies, that there exists a triable issue of fact as to whether the rezoning of the plaintiffs' property should be deemed an unconstitutional taking.

The subject premises consist of approximately 1.9 acres located on the northwest corner of the Nesconset/Port Jefferson Highway (Route 347) and Jericho Turnpike in the Town of Smithtown. The parcel is in close proximity to the Smithhaven Mall and the area is heavily commercialized. Indeed, the property immediately adjacent to the subject property to the west is zoned for and improved with an office building, and all the properties to the east, west, and south located along the Nesconset/Port Jefferson Highway are zoned for commercial use. Only the premises directly north of the parcel, and which did not front on the highway, were zoned residential. In 1987, the plaintiffs' property was rezoned from "WSI" (wholesale and service) to "R-10" (residential) zoning. In the R-10 zone, property could only be used for single-family detached dwellings, on quarter-acre plots, residential community facilities, churches, schools, recreational areas, libraries, municipal buildings and agricultural uses.

A zoning ordinance may be an invalid exercise of a municipality's police power where "even though reasonably related to a legitimate public purpose, it renders the property affected by it so unsuitable for any purpose for which it is reasonably adapted as effectively to destroy its economic value" (*Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 500). Moreover, while the property owner does bear a heavy burden of showing that no reasonable return may be obtained from the property under the zoning classification, in addition to other "dollars and cents" proof as to the owner's investment in the property, the court can also consider other factors "such as its topography, the zoning and use of nearby properties * * * traffic on adjoining streets" (*Northern Westchester Professional Park Assocs. v Town of Bedford, supra,* at 502, 503).

In the instant case, the plaintiffs, in opposition to the defendants' motion for summary judgment, submitted a copy of a report dated July 21, 1986, from the Town of Smithtown Planning and Community Development Department to the Town Board recommending that "[t]he Town Board should request that [the NY State] Department of Transportation should purchase Sec. 14, Blk. 03, Lot 11 [the subject parcel] *insofar as this lot is unbuildable because of its location"*

(emphasis added). This acknowledgment by the Town's own planning experts that the premises are unbuildable is sufficient, in my view, to raise a triable issue of fact as to the validity of the residential zoning of the plaintiffs' property under the circumstances of this case *(see, Matter of Grimpel Assocs. v Cohalan,* 41 NY2d 431; *Stevens v Town of Huntington,* 20 NY2d 352; *Reuschenberg v Town of Huntington,* 143 AD2d 265; *Matter of Humble Oil & Ref. Co. v Dekdebrun,* 38 AD2d 46).