■ CLEARWATER HOLDING, INC., et al., Appellants, v TOWN OF HEMPSTEAD, Respondent. [655 NYS2d 768] —In consolidated actions, *inter alia*, for a judgment declaring, in effect, that the change in zoning of the plaintiffs' properties from Residence "B" and Business District to Marine Recreation District was unconstitutional, the plaintiffs appeal from (1) a judgment of the Supreme Court, Nassau County (Molloy, J.), entered July 28, 1995, which upon an order of the same court dated June 16, 1995, granting the defendant's motion for summary judgment, dismissed the complaints in the consolidated actions, and (2) an order of the same court, dated December 14, 1995, which denied their motion, in effect, for reargument.

Ordered that the appeal from the order dated December 14, 1995, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment entered July 28, 1995, is modified, on the law, by adding thereto a provision declaring that the provisions of Resolution No. 568-1987 of the Town Board of the Town of Hempstead rezoning the appellants' properties are constitutional; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiffs are owners of ocean-front properties some of which are located in an unincorporated area of the Town of Hempstead known as East Atlantic Beach and others of which are located in the Village of Atlantic Beach. The defendant Town of Hempstead (hereinafter the Town) regulates the zoning of these properties. The subject properties have long been used as beach club facilities with other related uses, such as cabanas and restaurants. In 1987 the Town amended its zoning ordinance so as to change the zoning of certain beach-front areas, including the plaintiffs' properties, from residence and commercial districts to a marine recreation district which, *inter alia*, prohibited residential development. The plaintiffs

thereafter commenced the instant action seeking, *inter alia*, a declaration that the zoning amendment was invalid as an unconstitutional taking of property.

It is well established that zoning ordinances are "invested with an exceedingly strong presumption of constitutionality" (*Town of Huntington v Park Shore Country Day Camp*, 47 NY2d 61, 65; *see also, Matter of Unification Theol. Seminary v City of Poughkeepsie*, 201 AD2d 484). A landowner who claims that a zoning ordinance is unconstitutional as applied to his property bears a heavy burden of proving beyond a reasonable doubt that "under no use permitted by the [ordinance] * * * would the propert[y] be capable of producing a reasonable return" (*de St. Aubin v Flacke*, 68 NY2d 66, 77; *see also, Matter of Kransteuber v Scheyer*, 80 NY2d 783, 786; *see also, Cohen v Vecchio*, 197 AD2d 499, 500). Here, the plaintiffs failed to sustain their burden. The mere fact that they might be able to obtain a higher return on their properties if they were zoned for residential use is insufficient (*see generally, Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603; *Curtiss-Wright Corp. v Town of E. Hampton*, 82 AD2d 551, 554).

The plaintiffs' motion, denominated as one to renew and reargue, was, as the Supreme Court determined, actually one for reargument, the denial of which is not appealable (*see, Misek-Falkoff v Village of Pleasantville*, 207 AD2d 332).

We find the plaintiffs' remaining contentions to be either unpreserved for appellate review or without merit.

We note that since this is a declaratory judgment action, the complaints should not have been dismissed, but an appropriate judgment declaring that the provision of the rezoning amendment pertaining to the appellants' properties is constitutional should have been entered (*see, Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.