■ BONNIE BRIAR SYNDICATE, INC., Appellant, v TOWN OF MAMARONECK et al., Respondents. [661 NYS2d 1005] —In an action, inter alia, for a judgment declaring Local Laws, 1994, No. 6 of the Town of Mamaroneck to be unconstitutional in its en-

tirety and as applied to the plaintiff's property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Leavitt, J.), entered July 3, 1996, which denied its motion for partial summary judgment, and granted that branch of the defendants' cross motion which was for summary judgment, and declared Local Laws, 1994, No. 6 of the Town of Mamaroneck to be constitutional.

Ordered that the order and judgment is affirmed, with costs.

Zoning enactments have a strong presumption of constitutionality, and while such presumption may be rebutted, unconstitutionality must be demonstrated beyond a reasonable doubt (*see, Clearwater Holding v Town of Hempstead,* 237 AD2d 400; *Curtiss-Wright Corp. v Town of E. Hampton,* 82 AD2d 551). The plaintiff failed to meet that burden.

In 1994 the Town of Mamaroneck adopted Local Laws, 1994, No. 6, which rezoned an area of the Town as a Recreational District. The plaintiff, whose property falls within the rezoned area, contends that the law is unconstitutional. The record, however, demonstrates that an essential nexus exists between Local Laws, 1994, No. 6 and the legitimate governmental interests of, *inter alia,* preserving open space and preventing the risk of additional flooding and other related adverse environmental effects (*see, Matter of Grogan v Zoning Bd. of Appeals,* 221 AD2d 441; *cf., Dolan v City of Tigard,* 512 US 374; *Nollan v California Coastal Commn.,* 483 US 825; *Manocherian v Lenox Hill Hosp.,* 84 NY2d 385, *cert denied* 514 US 1109). Accordingly, the plaintiff's motion was properly denied and the defendants' cross motion was properly granted.

The plaintiff's remaining contentions lack merit or are academic in light of our determination. Rosenblatt, J. P., O'Brien, Ritter and Santucci, JJ., concur.