■ HERBERT AGIN et al., Appellants-Respondents, v JOHN J. REHFELDT, Appellant, and MARVIN GOLD MANAGEMENT Co. et al., Respondents. (Action No. 1.) JOHN J. REHFELDT, Plaintiff, v STEPHEN AGIN et al., Defendants. (Action No. 2.) PEARL HIRSH, Plaintiff, v JOHN J. REHFELDT, Defendant. (Action No. 3.) [726 NYS2d 131] —In three related actions to recover damages for wrongful death and personal injuries which were joined for trial, the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated May 22, 2000, as granted the motion of the defendants Marvin Gold Management Co. and Lawrence J. Gold in that action for summary judgment dismissing the complaint insofar as asserted against them, and the defendant John J. Rehfeldt in Action No. 1 separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint in that action insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant John J. Rehfeldt for summary judgment dismissing the complaint insofar as asserted against him and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs in Action No. 1, and that action is dismissed in its entirety.

The defendants in Action No. 1 demonstrated their entitlement to judgment as a matter of law by establishing that the

plaintiffs' decedent, Amy Agin, violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of oncoming traffic. Agin was negligent in failing to see that which, under the circumstances, she should have seen, and in crossing in front of the defendant John J. Rehfeldt's vehicle when it was hazardous to do so (*see, Stiles v County of Dutchess,* 278 AD2d 304; *Pryor v Reichert,* 265 AD2d 470; *Canceleno v Johnston,* 264 AD2d 405; *Smalley v McCarthy,* 254 AD2d 478). Rehfeldt, who had the right-of-way, was entitled to anticipate that Agin would obey the traffic laws which required her to yield (*see, Cenovski v Lee,* 266 AD2d 424). The record does not support the plaintiffs' contention that there are issues of fact as to whether the defendants were negligent in the operation of their vehicles. Under such circumstances, the Supreme Court should have granted Rehfeldt's motion for summary judgment dismissing the complaint insofar as asserted against him. Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.