■ RUFINO PERLA, Appellant, v JOHN N. WILSON et al., Respondents. [732 NYS2d 35] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ort, J.), dated October 19, 2000, as granted that branch of the defendants' motion which was to compel him to provide authorizations to obtain certain records relating to injuries he allegedly sustained in a prior accident, and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to compel the plaintiff to provide authorizations to obtain certain records relating to injuries he allegedly sustained in a prior accident. The Supreme Court properly concluded that additional discovery was necessary based on a medical report obtained by the defendants shortly before the note of issue was served, which indicated that contrary to his deposition testimony, the plaintiff had injured his wrist in the prior accident (*see, Aviles v 938 SCY Ltd.*, 283 AD2d 935). We note that since the defendants moved to compel this disclosure within 20 days after the note of issue was served, they were merely required to demonstrate why the case was not ready for trial, and were not required to establish that additional discovery was necessary because unusual or unanticipated circumstances had developed (*see,* 22 NYCRR 202.21 [d], [e]; *Aviles v 938 SCY Ltd., supra; Audiovox Corp. v Benyamini*, 265 AD2d 135).

The Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability. Assuming that the plaintiff made a prima facie showing of his entitlement to summary judgment on the issue of liability, the defendants raised triable issues of fact as to whether the defendant driver properly attempted to turn left when the plaintiff's vehicle was approaching, whether the plaintiff failed to use appropriate caution in the operation of his vehicle, and the allocation of fault, if any, as to each driver (*see, Rexer v*

*Sklar,* 277 AD2d 216; *Young v Mauch,* 268 AD2d 583). Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.