■ JAMES BRESLIN, Respondent, v JOSEPH RUDDEN et al., Appellants. [738 NYS2d 674] —In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Suffolk County (Werner, J.), dated November 15, 2000, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The case arises from a collision at the intersection of Gridley Street and Bay Shore Road in West Islip, on October 22, 1997, which resulted in the death of the plaintiff's decedent, Deneen Breslin. The accident occurred when the decedent, whose car had been facing north on Gridley Street and was stopped at a stop sign, made a left turn onto Bay Shore Road and collided with a van owned by the defendant George Valente and operated by the defendant Joseph Rudden, which had been traveling east on Bay Shore Road. The plaintiff alleged that the defendants' van was speeding and that this contributed to the happening of the accident. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

The defendants demonstrated their entitlement to judgment as a matter of law by adducing evidence which established that after the decedent brought her vehicle to a stop at the stop sign, she proceeded into the intersection directly into the path of the defendants' oncoming van. The evidence also demonstrated that eastbound traffic on Bay Shore Road was readily observable from the decedent's vantage point. "[I]t is settled that a driver is negligent where an accident occurs because [he or] she has failed to see that which through proper use of [his

or] her senses [he or] she should have seen" (*Bolta v Lohan,* 242 AD2d 356; *see, Stiles v County of Dutchess,* 278 AD2d 304; *Safran v Amato,* 155 AD2d 653). The defendants also established that the decedent violated Vehicle and Traffic Law § 1142 (a), by failing to yield the right of way to the defendant driver, who was, at a minimum, "approaching so closely * * * as to constitute an immediate hazard during the time when [the defendant] driver [was] moving across or within the intersection." Therefore, since the defendants' van was clearly visible, the decedent should have seen it and yielded the right of way.

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the defendant Joseph Rudden was negligent in the operation of the van (*see, Stiles v County of Dutchess, supra*). In particular, the plaintiff failed to demonstrate by admissible evidence that Rudden was speeding just prior to the occurrence of the accident (*see, Terwilliger v Dawes,* 204 AD2d 433).

Accordingly, the defendants are entitled to summary judgment dismissing the complaint (*see, Salenius v Lisbon,* 217 AD2d 692). Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.