■ Murray Rieman et al., Respondents, v Frank E. Smith, Appellant. [755 NYS2d 256] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated May 14, 2002, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

This motor vehicle accident occurred on May 11, 2000, on Bellmore Avenue, a north/south roadway with two lanes of travel in each direction. The plaintiffs' vehicle was exiting the Long Island Rail Road parking lot on the west side of Bellmore Avenue when it collided with the defendant's vehicle which was traveling southbound in the left lane of that same avenue. The plaintiff driver, Murray Rieman, claimed that he stopped his vehicle at a stop sign before exiting the parking lot, and looked both ways before turning left. He saw a southbound vehicle about two blocks away but never saw the vehicle which hit him. The defendant claimed that the plaintiffs' vehicle rolled through the stop sign, turned right to go south on Bellmore Avenue, and then suddenly made a sharp left turn in front of the defendant's oncoming vehicle to go north on Bellmore Avenue. The defendant's motion for summary judgment dismissing the complaint was denied. We reverse.

The defendant demonstrated his entitlement to judgment as a matter of law by establishing that the plaintiff driver violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the defendant's vehicle, as the defendant legally proceeded with the right of way (*see Russo v Scibetti,* 298 AD2d 514 [2002]; *Agin v Rehfeldt,* 284 AD2d 352 [2001]; *Stiles v County of Dutchess,* 278 AD2d 304 [2000];

*Cenovski v Lee,* 266 AD2d 424 [1999]; *Pryor v Reichert,* 265 AD2d 470 [1999]).

In opposition to the motion, the conclusory and speculative assertions of the plaintiff driver concerning the defendant's speed and possible negligence were unsupported by any competent evidence. Thus, the plaintiffs did not raise a triable issue of fact in response to the defendant's prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Miranda v Devlin,* 260 AD2d 451 [1999]; *Bolta v Lohan,* 242 AD2d 356 [1997]). Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.