■ TERESA CASAREGOLA, Appellant, v RAY F. FARKOUH, Respondent. [767 NYS2d 57]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered March 14, 2003, which, upon a jury verdict and upon the denial of the her application pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, the application is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The plaintiff was injured when her automobile collided with the defendant's vehicle which was making a left turn at the intersection of Bay Ridge Parkway and Ridge Boulevard in Brooklyn. At the time of the accident the plaintiff was proceeding through the intersection. She testified that she observed the defendant's vehicle approaching from the opposite direction on Bay Ridge Parkway when she was near the intersection. A "second" passed between the time she saw the vehicle and when the defendant made a sudden left turn in front of her, striking her vehicle in the middle of the intersection. The defendant did not testify or call any witnesses. The jury returned a verdict finding the defendant was not negligent. The trial court subsequently denied the plaintiff's application to set aside the verdict as against the weight of the evidence.

The trial court erred in denying the plaintiff's application to set aside the jury verdict as against the weight of the evidence (*see DeAngelis v Kirschner,* 171 AD2d 593, 594 [1991]). A jury verdict should be set aside if it could not have been reached by any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129,134 [1985]; CPLR 4404 [a]).

Based on this record we find the defendant violated Vehicle and Traffic Law § 1141 when he made a left turn directly into

the path of the vehicle driven by the plaintiff (*see Russo v Scibetti,* 298 AD2d 514 [2002]; *Agin v Rehfeldt,* 284 AD2d 352, 353 [2001]). Such a violation constitutes negligence as a matter of law which could not be disregarded by the jury (*see Batal v Associated Univs.,* 293 AD2d 558, 559 [2002]; *Nunziata v Birchell,* 238 AD2d 555, 556 [1997]). Accordingly, the jury could not have reached its verdict finding that the defendant was not negligent on any fair interpretation of the evidence (*see Mathewson v Bender,* 259 AD2d 673, 674 [1999]; *Smalley v Mc-Carthy,* 254 AD2d 478 [1998]; *Hyppolite v Guerrier,* 232 AD2d 456, 457 [1996]). However, the plaintiff is not entitled to judgment in her favor as a matter of law, as there is an issue of fact as to whether she exercised reasonable care under the circumstances (*see Brucaliere v Garlinghouse,* 304 AD2d 782 [2003]; *Batal v Associated Univs., supra; Perla v Wilson,* 287 AD2d 606 [2001]). Ritter, J.P., Krausman, Schmidt and Crane, JJ., concur.