■ ANNA MERETSKAYA, Respondent, v JOSEPH LOGOZZO, Appellant, and COINMACH LAUNDRY CORP., Defendant. (And a Third-Party Action.) (Action No. 1.) MIKHAIL MERETSKIY, Respondent, v JOSEPH LOGOZZO, Appellant. (And a Third-Party Action.) (Action No. 2.) [769 NYS2d 580]—

In two related actions to recover damages for personal injuries, Joseph Logozzo, a defendant in both actions, appeals from (1) an order of the Supreme Court, Kings County (Rosenberg, J.), dated February 4, 2003, which denied his motion for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against him, and (2) an order of the same court dated February 4, 2003, which denied his motion for summary judgment dismissing the complaint in Action No. 2 on the ground, inter alia, that the plaintiff in Action No. 2 did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the orders are reversed, on the law, with costs, the motions are granted, the complaint in Action No. 1 is dismissed insofar as asserted against Joseph Logozzo, the complaint in Action No. 2 is dismissed, and the action against the remaining defendant in Action No. 1 is severed.

The appellant demonstrated his entitlement to judgment as a matter of law by establishing that after Mikhail Meretskiy, the plaintiff in Action No. 2, stopped his vehicle at a stop sign, he proceeded through the intersection failing to yield the right of way to the appellant's vehicle in violation of Vehicle and Traffic Law § 1142 (a). This evidence was sufficient to support the appellant's motions for summary judgment dismissing the

complaint in Action No. 1 insofar as asserted against him and the complaint in Action No. 2 on the ground that he was not negligent in the happening of the accident as a matter of law (*see Szczotka v Adler,* 291 AD2d 444 [2002]; *Breslin v Rudden,* 291 AD2d 471 [2002]; *Singh v Shafi,* 252 AD2d 494 [1998]; *Bolta v Lohan,* 242 AD2d 356 [1997]; *Nunziata v Birchell,* 238 AD2d 555 [1997])

In opposition to the appellant's prima facie showing, the respondents failed to prove the existence of any genuine issue of material fact as to whether the appellant was comparatively negligent, in particular, whether he was speeding just prior to the occurrence of the accident (*see Szczotka v Adler, supra; Borst v Sunnydale Farms,* 258 AD2d 488 [1999]; *Terwilliger v Dawes,* 204 AD2d 433 [1994]). Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.