■ PATRICIA TORRO, Respondent, v MORRIS SCHILLER et al., Appellants. [777 NYS2d 915]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated October 22, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that, after the plaintiff stopped her vehicle at the double-yellow lines dividing the two-way road with the intent of entering a shopping center

driveway on the other side, she made a left turn directly into the path of oncoming traffic. The plaintiff was negligent in admittedly failing to see the defendants' vehicle approaching from the opposite direction and in crossing the path of the defendants' vehicle when it was hazardous to do so (*see* Vehicle and Traffic Law § 1141). This evidence was sufficient to support the defendants' motion for summary judgment dismissing the complaint on the ground that the defendant driver was not negligent as a matter of law in the occurrence of the accident (*see Meretskaya v Logozzo,* 2 AD3d 599 [2003]; *Casaregola v Farkouh,* 1 AD3d 306 [2003]; *Rieman v Smith,* 302 AD2d 510 [2003]; *Russo v Scibetti,* 298 AD2d 514 [2002]; *Szczotka v Adler,* 291 AD2d 444 [2002]).

In opposition to the defendants' prima facie showing, the plaintiff failed to demonstrate the existence of a triable issue of fact as to whether the defendant driver was comparatively negligent, inter alia, in allegedly failing to brake or otherwise avoid the collision (*see Rieman v Smith, supra; Szczotka v Adler, supra; Agin v Rehfeldt,* 284 AD2d 352 [2001]; *Borst v Sunnydale Farms,* 258 AD2d 488 [1999]). Smith, J.P., Goldstein, Adams, Rivera and Lifson, JJ., concur.