ROBERT MOREBACK et al., Respondents, v CARLA J. MES-QUITA et al., Appellants. [793 NYS2d 148]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated September 13, 2004, which granted the plaintiffs' motion for leave to reargue the defendants' motion for summary judgment dismissing the complaint, which had been granted by an order dated May 18, 2004, and, upon reargument, vacated the prior order and denied the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof, upon reargument, vacating the original determination and denying the motion for summary judgment dismissing the complaint and substituting therefor a provision, upon reargument, adhering to the original determination in the

order dated May 18, 2004; as so modified, the order is affirmed, with costs to the appellants.

At her examination before trial, the defendant driver Carla J. Mesquita, testified that on the day of the accident she was driving her vehicle northbound on Newbridge Road, Nassau County, which she described as a "straight and level" two-lane roadway. Mesquita observed the vehicle operated by the plaintiff Robert Moreback at the intersection of Newbridge Road and Blue Spruce Road, "stopped in the left-hand turning lane in the southbound direction" with its turn signal illuminated and blinking. Mesquita further testified that "I saw [Moreback's vehicle] stopped and I just continued straight." She stated that she did not see Moreback's vehicle begin to make its turn and that "[b]y the time I saw it, I hit."

Moreback testified at his examination before trial that he did not see Mesquita's vehicle as he proceeded to make a left turn, but that after his vehicle entered the northbound portion the roadway, he heard "a big, loud noise." Moreback further testified that he did not observe the actual collision. It is undisputed that Mesquita had the right-of-way, and that there were no traffic lights or road signs at the intersection.

Given the above testimony, the Supreme Court was correct in initially granting the defendants' motion for summary judgment dismissing the complaint. The defendants demonstrated their entitlement to judgment as a matter of law by establishing that Moreback violated Vehicle and Traffic Law §§ 1141 and 1163 by making a left turn into the path of Mesquita's vehicle without yielding the right of way, and under circumstances when the turn could not be made with reasonable safety (see Torro v Schiller, 8 AD3d 364 [2004]; Casaregola v Farkouh, 1 AD3d 306 [2003]; Rieman v Smith, 302 AD2d 510 [2003]). Furthermore, inasmuch as Mesquita had the right-of-way, she was thus entitled to anticipate that Moreback would obey traffic laws which required him to yield (see Jacino v Sugerman, 10 AD3d 593 [2004]).

In opposition to the defendants' prima facie showing, the plaintiffs failed, both in their response to the initial motion and upon the motion for reargument, to demonstrate the existence of a triable issue of fact as to whether Mesquita was comparatively negligent (see Meretskaya v Logozzo, 2 AD3d 599 [2003]; Rieman v Smith, supra; see also Venuto v RCS Elec. Equip. Corp., 5 AD3d 672 [2004]). Accordingly, the defendants were entitled to judgment as a matter of law (see Ishak v Guzman, 12 AD3d 409 [2004]; Jacino v Sugerman, supra; Mora v Garcia, 3 AD3d 478 [2004]). Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.