GERARD MALONEY, JR., Respondent, v SUSAN NIEWENDER, Appellant, and TOVA BEIGE et al., Respondents. [812 NYS2d 585]—

In an action to recover damages for personal injuries, the defendant Susan Niewender appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brennan, J.), entered July 8, 2005, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Susan Niewender, and the action against the remaining defendants is severed.

The appellant demonstrated her entitlement to judgment as a matter of law by establishing that the codefendant Tova Beige violated Vehicle and Traffic Law § 1141 when she made a left-hand turn directly into the path of the appellant's oncoming vehicle (*see Moreback v Mesquita*, 17 AD3d 420, 421 [2005]; *Casaregola v Farkouh*, 1 AD3d 306 [2003]). Moreover, Tova Beige was negligent in admittedly failing to see the appellant's vehicle approaching from the opposite direction and in crossing in its path when it was hazardous to do so (*see Torro v Schiller*, 8 AD3d 364, 365 [2004]; *Rieman v Smith*, 302 AD2d 510 [2003]).

In opposition to this prima facie showing, the defendants-respondents failed to demonstrate the existence of a triable is-

sue of fact as to whether the appellant was comparatively negligent. The conclusory and speculative assertions concerning the appellant's speed and possible negligence were unsupported by competent evidence (*see Rieman v Smith, supra; cf. Casaregola v Farkouh, supra*). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.