THOMAS P. GABLER, Appellant, v MARLY BUILDING SUPPLY CORP. et al., Respondents. [813 NYS2d 120]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated March 25, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This motor vehicle accident occurred when the plaintiff, traveling westbound on Metropolitan Avenue in Ridgewood, Queens, made a left turn at the intersection of 60th Street in front of the defendants' eastbound vehicle which was being operated by the defendant Shing Wing Lam (hereinafter Lam). The intersection of Metropolitan Avenue and 60th Street was controlled by a traffic light. It is undisputed that the traffic light was green for both the plaintiff and Lam as they approached from opposite directions on Metropolitan Avenue, and remained green from the time they first observed it until the accident occurred. Lam testified that he first saw the plaintiff's vehicle about three seconds before the accident as the vehicle was proceeding toward his vehicle on Metropolitan Avenue, and that the plaintiff turned left in front of him one second before the accident occurred. The plaintiff testified that he never saw the defendants' vehicle prior to beginning his left turn or at any time prior to the accident and that he had stopped at the intersection for two to three seconds before beginning his left turn, where he had an unobstructed view of Metropolitan Avenue for approximately 100 feet.

The Supreme Court properly granted the defendants' motion for summary judgment. The defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the plaintiff violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the defendants' vehicle as it legally proceeded with the right of way (*see Moreback v Mesquita*, 17 AD3d 420 [2005]; *Torro v Schiller*, 8 AD3d 364 [2004]; *Casaregola v Farkouh*, 1 AD3d 306 [2003]; *Rieman v Smith*, 302 AD2d 510 [2003]; *Russo v Scibetti*, 298 AD2d 514 [2002]; *Agin v Rehfeldt*, 284 AD2d 352 [2001]; *Stiles v County of Dutchess*, 278 AD2d 304 [2000]). As the defendants' vehicle had the right of way, Lam was entitled to anticipate that the plaintiff would obey the traffic laws which required him to yield to the defendants' vehicle (*see Bongiovi v Hoffman*, 18 AD3d 686 [2005]; *Moreback v Mesquita, supra; Russo v Scibetti, supra; Agin v Rehfeldt, supra; Stiles v County of Dutchess, supra; Zambrano v Pilhwan Seok*, 277 AD2d 312 [2000]; *Cenovski v Lee*, 266 AD2d 424 [1999]).

Since the plaintiff admitted he never saw the defendants' vehicle prior to making his left turn across Metropolitan Avenue, he was negligent as a matter of law in failing to see that which he should have seen through the proper use of his senses (*see Bongiovi v Hoffman, supra; Spatola v Gelco Corp.*, 5 AD3d 469 [2004]; *Breslin v Rudden*, 291 AD2d 471 [2002]; *Agin v Rehfeldt, supra; Stiles v County of Dutchess, supra; Zambrano v Pilhwan Seok, supra; Bolta v Lohan*, 242 AD2d 356 [1997]; *see also Weigand v United Traction Co.*, 221 NY 39 [1917]).

In opposition to the defendants' summary judgment motion, the plaintiff failed to raise a triable issue of fact. The record does not support the plaintiff's contention that there are triable issues of fact as to whether Lam was comparatively negligent in the operation of his vehicle (*see Agin v Rehfeldt, supra; Stiles v County of Dutchess, supra; Galvin v Zacholl*, 302 AD2d 965 [2003]). Miller, J.P., Luciano, Lunn and Dillon, JJ., concur.