■ DIANE CARABELLA, Respondent, v MICHAEL MAGDY SAAD, Appellant. [815 NYS2d 199]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jones, J.), dated December 21, 2004, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff's decedent, Mary Parente, was making a left-turn at an intersection in Staten Island when her vehicle collided with the defendant's vehicle. When the defendant first saw the Parente vehicle, it was stopped in the oncoming left-hand turning lane with its turn signal activated. Three to four seconds before impact, the defendant saw the Parente vehicle begin to make a left-hand turn. Although the defendant applied his brakes, the defendant was not able to avoid the accident.

Mary Parente passed away before she could be deposed. Her husband, Joseph Parente, who was in the passenger seat at the time of the accident, stated that he was not looking out for vehicles and did not see the defendant's vehicle before the accident. The Parentes' daughter, Diane Carabella, stated in a deposition that Mary Parente told her that she thought that her way was clear and that the defendant must have been speeding because she did not see his vehicle before the accident.

The defendant demonstrated his entitlement to judgment as a matter of law by establishing that Mary Parente made a left-turn into his path without yielding the right of way when the turn could not be made with reasonable safety (*see* Vehicle and Traffic Law § 1141; (*Moreback v Mesquita,* 17 AD3d 420 [2005]; *Torro v Schiller,* 8 AD3d 364 [2004]).

In opposition to the motion, the plaintiff failed to submit sufficient evidence in admissible form to raise a triable issue of fact as to whether the defendant was negligent (*see Rieman v Smith,* 302 AD2d 510 [2003]; *Szczotka v Adler,* 291 AD2d 444 [2002]). Contrary to the plaintiffs' contention, the hearsay statement concerning the accident allegedly made by Mary Parente to Diane Carabella, even if considered by the court, was speculative as to whether the defendant was speeding and, as such, was insufficient to defeat the defendant's motion for summary judgment (*see Rieman v Smith, supra*; *Szczotka v Adler, supra*). Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.