■ BRIANNE BERNER, Appellant, v DOROTHY KOEGEL, Respondent. [819 NYS2d 89]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated April 4, 2006, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The undisputed evidence in the record shows that the parties

were involved in a motor vehicle accident that occurred at the "T" intersection of Newbridge Road and Falcon Street in East Meadow. Prior to the accident the plaintiff's vehicle was traveling northbound and the defendant's vehicle was traveling southbound on Newbridge Road, which is the through road at this "T" intersection. The accident occurred when the defendant's vehicle attempted to turn left from Newbridge Road, across the northbound lanes of travel, onto Falcon Street. The defendant testified at her deposition that she never saw the plaintiff's vehicle even though she had an unobstructed view of oncoming traffic and the road was straight and level.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law by establishing that the defendant violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of the plaintiff's vehicle as the plaintiff's vehicle was legally proceeding into the intersection with the right-of-way (*see Gabler v Marly Bldg. Supply Corp.,* 27 AD3d 519 [2006]; *Maloney v Niewender,* 27 AD3d 426 [2006]; *Moreback v Mesquita,* 17 AD3d 420 [2005]; *Torro v Schiller,* 8 AD3d 364 [2004]; *Russo v Scibetti,* 298 AD2d 514 [2002]; *Agin v Rehfeldt,* 284 AD2d 352 [2001]; *Stiles v County of Dutchess,* 278 AD2d 304 [2000]).

Moreover, the defendant admitted that she never saw the plaintiff's vehicle prior to making her left turn across the northbound lanes of Newbridge Road. A driver is negligent if he or she has failed to see that which, through the proper use of senses, should have been seen (*see Gabler v Marly Bldg. Supply Corp., supra; Maloney v Niewender, supra; Bongiovi v Hoffman,* 18 AD3d 686 [2005]; *Torro v Schiller, supra; Russo v Scibetti, supra; Breslin v Rudden,* 291 AD2d 471 [2002]; *Agin v Rehfeldt, supra; Stiles v County of Dutchess, supra; Bolta v Lohan,* 242 AD2d 356 [1997]; *see also, Weigand v United Traction Co.,* 221 NY 39 [1917]).

In response to the plaintiff's motion, the defendant failed to raise a triable issue of fact. The record does not support the defendant's contention that a triable issue of fact exists as to whether the plaintiff was comparatively negligent in the operation of her vehicle because she failed to brake, sound her horn, or otherwise try to avoid the collision (*see Gabler v Marly Bldg. Supply Corp., supra; Maloney v Niewender, supra; Bongiovi v Hoffman, supra; Moreback v Mesquita, supra; Torro v Schiller, supra; Russo v Scibetti, supra; Breslin v Rudden, supra; Agin v Rehfeldt, supra; Stiles v County of Dutchess, supra*).

As the plaintiff had the right-of-way, she was entitled to anticipate that the defendant would obey the traffic laws, which

required the defendant to yield to the plaintiff's vehicle (*see Gabler v Marly Bldg. Supply Corp., supra; Bongiovi v Hoffman, supra; Moreback v Mesquita, supra; Russo v Scibetti, supra; Agin v Rehfeldt, supra; Stiles v County of Dutchess, supra*). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.