■ ALEXSANDR SPIVAK et al., Plaintiffs, v ROBERT A. ERICKSON et al., Respondents, and DEBORAH PIERGIOVANNI, Appellant. JOSEPH PIERGIOVANNI, Nonparty Appellant. [836 NYS2d 676]—

In an action to recover damages for personal injuries, the defendant Deborah Piergiovanni and nonparty Joseph Piergiovanni appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated March 10, 2006, as granted the cross motion of the defendants Robert A. Erickson and Geraldine DeRosa for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal by nonparty Joseph Piergiovanni is dismissed, as he is not aggrieved by the order appealed from; and it is further,

Ordered that the appeal by the defendant Deborah Piergiovanni from so much of the order as granted that branch of the cross motion of the defendants Robert A. Erickson and Geraldine DeRosa which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as she is not aggrieved thereby; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The defendants Robert A. Erickson and Geraldine DeRosa made a prima facie showing of entitlement to judgment as a matter of law dismissing the cross claims asserted against them by the defendant Deborah Piergiovanni by demonstrating that nonparty Joseph Piergiovanni (hereinafter Joseph) violated Vehicle and Traffic Law § 1141 by making a left turn into the path of Erickson's vehicle without yielding the right-of-way, and under circumstances when the turn could not be made with reasonable safety (see Carabella v Saad, 29 AD3d 618 [2006]; Moreback v Mesquita, 17 AD3d 420, 421 [2005]; Torro v Schiller, 8 AD3d 364 [2004]). Furthermore, inasmuch as Erickson had the right-of-way, he was entitled to anticipate that Joseph would obey those traffic laws which required him to yield (see Moreback v Mesquita, supra; Jacino v Sugerman, 10 AD3d 593 [2004]).

In opposition to the cross motion, the defendant Deborah Piergiovanni failed to raise a triable issue of fact as to Erickson's comparative negligence (see Moreback v Mesquita, supra; see also Aiello v City of New York, 32 AD3d 361 [2006]; Ithier v Harnden, 13 AD3d 1204 [2004]; Toscano v New York City Transp. Auth., 209 AD2d 403 [1994]; cf. Boston v Dunham, 274 AD2d 708 [2000]). Accordingly, Erickson and DeRosa were entitled to judgment as a matter of law dismissing the cross claims asserted against them by the defendant Deborah Piergiovanni (see Jacino v Sugerman, supra). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.