■ GINA LOCH, Appellant, v SOLOMON GARBER et al., Respondents. [893 NYS2d 233]—

On December 4, 2007, the plaintiff and the defendant Solomon Garber (hereinafter the defendant driver), were involved in an automobile accident at the intersection of Central Avenue (hereinafter Central) and Woodmere Boulevard (hereinafter Woodmere) in Nassau County. Central and Woodmere are both two-way streets with one lane of traffic in each direction. Central runs east/west. Woodmere runs north/south. The intersection is controlled by a traffic control light. At the time of the accident, the plaintiff was operating her car and the defendant driver was operating a vehicle leased by his father, the defendant Israel Garber.

The plaintiff demonstrated through, inter alia, her own deposition testimony, her entitlement to judgment as a matter of law by establishing that the defendant driver violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of her oncoming vehicle and, thereby, failed to yield the right-of-way as she proceeded lawfully through the intersection (*see Berner v Koegel*, 31 AD3d 591, 592 [2006]; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519, 520 [2006]; *Maloney v Niewender*, 27 AD3d 426 [2006]; *Moreback v Mesquita*, 17 AD3d 420, 421 [2005]; *Casaregola v Farkouh*, 1 AD3d 306, 306-307 [2003]; *Russo v Scibetti*, 298 AD2d 514 [2002]). Specifically, the plaintiff averred that she was traveling westbound on Central at a maximum speed of 20 miles per hour. As she approached and entered the subject intersection, the traffic control signal was green in her favor. The plaintiff observed the defendants' vehicle traveling eastbound on Central from approximately one car length away. A split second later, as the plaintiff was proceeding through the intersection, the defendants' vehicle, "abruptly" and "quickly," and without signaling, crossed the solid middle line separating the eastbound and westbound lanes on Central directly in front of her vehicle, attempting to make a left turn onto Woodmere. The plaintiff testified that, before the crash, she braked and swerved away from the defendants' vehi-

cle, but was unable to avoid the accident, which she described as occurring "all in a millisecond."

In support of the motion for leave to reargue, the defendant driver asserted that he observed the plaintiff's vehicle from a distance of only 10 feet away and a period of three seconds before the accident occurred; yet, inexplicably, he abruptly turned his vehicle into the pathway of the oncoming vehicle. As the driver with the right-of-way, the plaintiff was entitled to anticipate that the defendant driver would obey the traffic laws which required that he yield to her vehicle (*see Berner v Koegel*, 31 AD3d at 592-593; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d at 520; *Moreback v Mesquita*, 17 AD3d at 421).

In opposition to this prima facie showing, the defendants failed to raise a triable issue of fact. The defendant driver's conclusory and speculative assertions concerning the speed of the plaintiff's vehicle and alleged failure to try to avert the accident were not supported by competent evidence in the record (*see Berner v Koegel*, 31 AD3d at 592; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d at 520; *Maloney v Niewender*, 27 AD3d at 426-427; *Moreback v Mesquita*, 17 AD3d at 421; *Rieman v Smith*, 302 AD2d 510, 511 [2003]; *Russo v Scibetti*, 298 AD2d at 514; *cf. Casaregola v Farkouh*, 1 AD3d at 307).

Accordingly, upon reargument, the Supreme Court should have adhered to its original determination in the order dated March 17, 2009, granting the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.