SMILJANA KUCAR, Appellant, v TOWN OF HUNTINGTON et al., Defendants, and JAMES R. GOULD, JR., Respondent. [917 NYS2d 646]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 2, 2009, as granted that branch of the motion of the defendant James R. Gould, Jr., which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 25, 2005, at about 9:00 A.M., the plaintiff allegedly was injured when, while traveling southbound on Elwood Road, in the Town of Huntington, she began to make a left turn onto Clay Pitts Road, and her vehicle collided with a northbound vehicle driven by the defendant James R. Gould, Jr. (hereinafter the defendant). The plaintiff commenced this action against, among others, the defendant, alleging that his negligence caused her injuries. Following discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court, among other things, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiff appeals.

The plaintiff testified at her deposition that she had stopped for a red light and that, approximately five seconds after the light turned green, she proceeded into the intersection. When the collision occurred, she had been moving for only two to three seconds and had moved only about one meter. Although she had looked straight ahead and to the left and right several times before proceeding, she never saw the defendant's vehicle before the collision. She also testified that there was a steep hill that crested 500 feet south of the intersection. The defendant testified at his deposition that he had been proceeding at approximately 20 miles per hour in the left northbound lane of Elwood Road, but saw the plaintiff's vehicle begin a left turn only when he was about five feet from that vehicle and already in the intersection. He applied his brakes, but was unable to avoid the collision. A police report indicated that the front of the defendant's vehicle collided with the front passenger side of the plaintiff's vehicle. The plaintiff and the defendant both testified that it was raining at the time of the accident.

Vehicle and Traffic Law § 1141 requires that "[t]he driver of a vehicle intending to turn to the left within an intersection . . . yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard." A driver with the right-of-way is entitled to anticipate that the other driver will obey traffic laws that require her to yield (see Kann v Maggies Paratransit Corp., 63 AD3d 792, 793 [2009]; Berner v Koegel, 31 AD3d 591, 592 [2006]; Gabler v Marly Bldg. Supply Corp., 27 AD3d 519, 520 [2006]). Further, a driver is negligent when an accident occurs because the driver failed to see that which through proper use of the driver's senses he or she should have seen (see Laino

*v Lucchese,* 35 AD3d 672 [2006]; *Berner v Koegel,* 31 AD3d at 592; *Bongiovi v Hoffman,* 18 AD3d 686, 687 [2005]; *Bolta v Lohan,* 242 AD2d 356 [1997]).

Here, the defendant established his prima facie entitlement to judgment as a matter of law through the submission of his and the plaintiff's deposition testimony. Since the plaintiff admitted that she never saw the defendant's vehicle, which was undeniably present before the collision, her testimony established that she was negligent as a matter of law (*see Gabler v Marly Bldg. Supply Corp.,* 27 AD3d at 520; *Bolta v Lohan,* 242 AD2d 356 [1997]). The defendant's testimony established that, when the plaintiff began her left turn, the defendant was either in the intersection or so close to it that he was not comparatively negligent in the happening of the accident. Although there were discrepancies between the plaintiff's and the defendant's accounts, none of them, either singly or in combination with others, was sufficient to defeat the defendant's prima facie entitlement to judgment as a matter of law by demonstrating the existence of a triable issue of fact as to whether the defendant was comparatively negligent (*see Spivak v Erickson,* 40 AD3d 962, 963 [2007]; *cf. Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 312 [2004]; *Leconte v 80 E. End Owners Corp.,* 80 AD3d 669 [2d Dept 2011]; *Todd v Godek,* 71 AD3d 872, 873 [2010]). Further, in opposition to the defendant's prima facie showing, the plaintiff failed to otherwise raise a triable issue of fact (*see Moreno v Gomez,* 58 AD3d 611, 612 [2009]; *Moreback v Mesquita,* 17 AD3d 420, 421 [2005]). Consequently, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.