■ VERNON S. HEATH, Respondent, v JUAN R. LIBERATO, Appellant. [918 NYS2d 353]—

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant driver violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the plaintiff's vehicle and thereby failed to yield the right of way to the plaintiff (*see Berner v Koegel*, 31 AD3d 591 [2006]; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519 [2006]; *Maloney v Niewender*, 27 AD3d 426 [2006]). The plaintiff submitted an affidavit which established that he was lawfully proceeding into the intersection with a green light in his favor when the defendant made a left turn into the intersection. The defendant admitted in an affidavit that he never saw the plaintiff's vehicle, as he believed the intersection was "clear" before he made his left turn at the green light. A driver is negligent if he or she fails to see that which through proper use of the senses should have been seen (*see Breslin v Rudden*, 291 AD2d 471 [2002]; *Botero v Erraez*, 289 AD2d 274 [2001]; *Ferrara v Castro*, 283 AD2d 392 [2001]).

In opposition, the defendant failed to raise a triable issue of fact. The defendant's opposition merely raised "feigned" issues of fact, which are insufficient to defeat a motion for summary judgment (*Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256, 257 [1997]; *see Miller v City of New York*, 214 AD2d 657 [1995]; *Garvin v Rosenberg*, 204 AD2d 388 [1994]). The defendant also failed to demonstrate that further discovery was warranted (*see Benedikt v Certified Lbr. Corp.*, 60 AD3d 798 [2009]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759 [2006]).

Accordingly, the Supreme Court properly granted the plain-

tiff's motion for summary judgment on the issue of liability. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.