SECOND DEPARTMENT, JUNE, 2011

(June 7, 2011)

■ RIANE AHERN, Respondent, v FRANCINE LANAIA, Defendant, and JACLYN LANAIA, Appellant. [924 NYS2d 802]—

In an action to recover damages for personal injuries, the defendant Jaclyn Lanaia appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated July 16, 2010, which granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against her.

Ordered that the order is affirmed, with costs.

Contrary to the contentions of the defendant Jaclyn Lanaia (hereinafter the defendant), the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on the issue of liability insofar as asserted against her by establishing that she violated Vehicle and Traffic Law § 1141 in making a left turn when it was not reasonably safe to do so, directly into the path of the plaintiff's oncoming vehicle which was lawfully present in the intersection (see Loch v Garber, 69 AD3d 814, 815 [2010]; Palomo v Pozzi, 57 AD3d 498 [2008]; Spivak v Erickson, 40 AD3d 962, 963 [2007]; Aristizabal v Aristizabal, 37 AD3d 503, 504 [2007]; Gabler v Marly Bldg. Supply Corp., 27 AD3d 519, 520 [2006]). Since the plaintiff had the right-of-way, she was entitled to assume that the defendant would obey the traffic laws requiring her to yield to the plaintiff's vehicle (see Almonte v Tobias, 36 AD3d 636 [2007]; Berner v Koegel, 31 AD3d 591, 592 [2006]).

In opposition, the defendant failed to raise a triable issue of fact, since her claim of a material inconsistency in the plaintiff's deposition testimony is illusory, the evidence in the record does not support the defendant's speculative assertions of comparative fault on the part of the plaintiff, and the slight differences between the parties' respective versions of the events do not alter the conclusion that the defendant's negligence was the sole proximate cause of the accident (see Loch v Garber, 69 AD3d at 816; Berner v Koegel, 31 AD3d at 592; Jacino v Sugerman, 10 AD3d 593, 595 [2004]; Pryor v Reichert, 265 AD2d 470 [1999]).

Accordingly, the Supreme Court correctly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendant. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.