■ LAUREL E. GAUSE, Plaintiff/Counterclaim Defendant-Respondent, and DARRYL L. GAUSE, Respondent, v CARLOS MARTINEZ, Defendant/Counterclaim Plaintiff-Appellant. [936 NYS2d 272]—

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the plaintiff/counterclaim defendant for summary judgment dismissing the counterclaim and the plaintiffs' cross motion for summary judgment on the issue of liability are denied.

The plaintiff/counterclaim defendant, Laurel E. Gause (hereinafter Gause), was traveling southbound on Pennsylvania Ave-

nue, in Brooklyn, when she was involved in a motor vehicle accident' with a vehicle driven by the defendant/counterclaim plaintiff (hereinafter the defendant), which was traveling in the opposite direction on the same street. The accident occurred as the defendant was making a left turn onto Twin Pines Drive at its intersection with Pennsylvania Avenue.

Thereafter, Gause and her husband, suing derivatively, commenced this action against the defendant, and the defendant counterclaimed against Gause. Gause moved for summary judgment dismissing the defendant's counterclaim against her. The plaintiffs separately cross-moved for summary judgment on the issue of liability. The Supreme Court granted the motion and the cross motion, and the defendant appeals. We reverse.

Vehicle and Traffic Law § 1141, provides, in relevant part, that: "The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard."

A plaintiff driver is entitled to judgment as a matter of law on the issue of liability if he or she demonstrates that the sole proximate cause of an accident was the defendant driver's violation of Vehicle and Traffic Law § 1141 in turning left directly into the path of the plaintiff's oncoming vehicle which was lawfully present in the intersection (see Ahern v Lanaia, 85 AD3d 696, 696 [2011]; Loch v Garber, 69 AD3d 814, 815 [2010]; Berner v Koegel, 31 AD3d 591, 592 [2006]; Gabler v Marly Bldg. Supply Corp., 27 AD3d 519, 520 [2006]). The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (see Ahern v Lanaia, 85 AD3d at 696; Mohammad v Ning, 72 AD3d 913, 914 [2010]; Loch v Garber, 69 AD3d at 816; Yelder v Walters, 64 AD3d 762, 764 [2009]; Almonte v Tobias, 36 AD3d 636 [2007]; Berner v Koegel, 31 AD3d at 592-593). However, "[a] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Todd v Godek, 71 AD3d 872, 872 [2010]).

" 'There can be more than one proximate cause of an accident' " (Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008], quoting Cox v Nunez, 23 AD3d 427, 427 [2005]; see Allen v Echols, 88 AD3d 926, 927 [2011]). As a result, "the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law" (Pollack v Margolin, 84 AD3d 1341, 1342 [2011]; see Gardella v Esposito Foods, Inc., 80 AD3d 660, 660 [2011]). "[T]he issue of comparative fault is generally a question for the trier of fact" (Allen v Echols, 88 AD3d at 927).

Here, Gause, in support of her motion for summary judgment dismissing the counterclaim, and the plaintiffs, in support of their cross motion for summary judgment on the issue of liability, submitted the deposition transcripts of both Gause and the defendant, which contained conflicting testimony as to the facts surrounding the accident, including, but not limited to, the issue concerning which vehicle lawfully entered the intersection first. Thus, the evidence did not establish, prima facie, that the defendant violated Vehicle and Traffic Law § 1141, or that if he did, such violation was the sole proximate cause of the accident (*see Todd v Godek*, 71 AD3d 872 [2010]; *Lopez v Reyes-Flores*, 52 AD3d at 786). Accordingly, the Supreme Court should have denied Gause's motion for summary judgment dismissing the counterclaim and the plaintiffs' cross motion for summary judgment on the issue of liability.

In light of our determination, we need not examine the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Skelos, J.P., Belen, Lott and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31491(U).]**