■ Rosa Lia Reyes, Appellant, v Michael A. Marchese et al., Respondents. (And Another Title.) [946 NYS2d 500]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated February 1, 2011, as denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to Vehicle and Traffic Law § 1141, the driver of a vehicle intending to turn left "shall yield the right of way to any vehicle approaching from the opposite direction which is . . . so close as to constitute an immediate hazard." A plaintiff

driver is entitled to judgment as a matter of law if he or she demonstrates that the sole proximate cause of the accident was the defendant driver's violation of Vehicle and Traffic Law § 1141 (*see Gause v Martinez*, 91 AD3d 595 [2012]; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519, 520 [2006]). The driver with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (*see Gause v Martinez*, 91 AD3d 595 [2012]; *Ahern v Lanaia*, 85 AD3d 696 [2011]; *Loch v Garber*, 69 AD3d 814, 816 [2010]). However, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle that allegedly failed to yield the right-of-way (*see Wilson v Rosedom*, 82 AD3d 970 [2011]; *Todd v Godek*, 71 AD3d 872 [2010]; *Cox v Nunez*, 23 AD3d 427 [2005]).

Here, in support of her summary judgment motion, the plaintiff submitted deposition testimony and an excerpt of a surveillance video depicting the accident that failed to establish that the defendant Michael A. Marchese's alleged violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident (*see Fogel v Rizzo*, 91 AD3d 706 [2012]; *Pollack v Margolin*, 84 AD3d 1341 [2011]; *Todd v Godek*, 71 AD3d at 873). In light of the plaintiff's failure to meet her prima facie burden, we need not consider the sufficiency of the defendants' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Marchese and A-Val Architectural Metal Corp., which is Marchese's employer and the owner of the vehicle driven by Marchese. Angiolillo, J.P., Dickerson, Belen and Hall, JJ., concur.