In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated November 13, 2012, as granted that branch of the cross motion of the defendants Paul Cianciolo and Ercol Cianciolo which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
On September 30, 2010, a vehicle (hereinafter the Steo vehicle) owned and operated by the defendant Rocco W. Steo, in which the plaintiff’s decedent, Marion Volpicelli, was a passenger, collided with a vehicle (hereinafter the Cianciolo vehicle) owned by the defendant Ercol Cianciolo and operated by the defendant Paul Cianciolo (hereinafter together the Cianciolo defendants). The accident took place in Brooklyn on 86th Street, a four-lane road with two eastbound lanes and two westbound lanes that are separated by a double yellow line. Just prior to the accident, the Steo vehicle was traveling in the left eastbound lane and the Cianciolo vehicle was proceeding in the left westbound lane. The accident occurred as the Steo vehicle, which was attempting to pull into the driveway of a funeral home, made a left turn and was struck on its passenger side by the oncoming Cianciolo vehicle. On October 3, 2010, Volpicelli died as a result of the injuries that she sustained in the accident.
In the order appealed from, the Supreme Court, inter alia, *865 granted that branch of the Cianciolo defendants’ cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The Cianciolo defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that Steo violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the Cianciolo vehicle as it was legally proceeding westbound on 86th Street with the right-of-way (see Moreno v Gomez, 58 AD3d 611, 612 [2009]; Berner v Koegel, 31 AD3d 591, 592 [2006]; Gabler v Marly Bldg. Supply Corp., 27 AD3d 519, 520 [2006]).
Moreover, Steo admitted that he never saw the Cianciolo vehicle prior to making his left turn across the westbound lanes of 86th Street. A driver is negligent if he or she has failed to see that which, through the proper use of senses, should have been seen (see Berner v Koegel, 31 AD3d at 592; Gabler v Marly Bldg. Supply Corp., 27 AD3d at 520; Maloney v Niewender, 27 AD3d 426 [2006]).
In opposition to the Cianciolo defendants’ motion, the plaintiff did not raise a triable issue of fact. The record does not support the plaintiffs contention that a triable issue of fact exists as to whether the driver of the Cianciolo vehicle was comparatively at fault in the happening of the accident because he was allegedly speeding, failed to brake, or otherwise failed to try and avoid the collision (see Berner v Koegel, 31 AD3d at 592; Gabler v Marly Bldg. Supply Corp., 27 AD3d at 520; Maloney v Niewender, 27 AD3d at 426-427). As the Cianciolo vehicle had the right-of-way, its driver was entitled to anticipate that Steo would obey the traffic laws, which required Steo to yield to the Cianciolo vehicle (see Moreno v Gomez, 58 AD3d at 612; Berner v Koegel, 31 AD3d at 592-593; Gabler v Marly Bldg. Supply Corp., 27 AD3d at 520).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination.
Rivera, J.E, Sgroi, Hinds-Radix and Maltese, JJ., concur.