■ MOHAMED KASSIM, Appellant, v MOHAMMED NUR UDDIN et al., Respondents. [987 NYS2d 878]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated March 8, 2013, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured as a result of an automobile accident with a vehicle owned by the defendant Mohammed Nur Uddin and operated by the defendant Hassan Mahmud. In his complaint, the plaintiff alleged that the vehicle operated by Mahmud struck his vehicle when Mahmud's vehicle made a left turn at the intersection of Fourth Avenue and 37th Street in Brooklyn. After joinder of issue, but before the parties conducted depositions, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion.

"The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141). A plaintiff driver is entitled to judgment as a matter of law on the issue of liability if he or she demonstrates that the sole proximate cause of an accident was the defendant driver's violation of Vehicle and Traffic Law § 1141 in turning left directly into the path of the plaintiff's oncoming vehicle which was lawfully present in the intersection (*see Ahern v Lanaia*, 85 AD3d 696, 696 [2011]; *Loch v Garber*, 69 AD3d 814, 815 [2010]; *Berner v Koegel*, 31 AD3d 591, 592 [2006]; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519, 520 [2006]). The operator of a vehicle with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (*see Ahern v Lanaia*, 85 AD3d at 696; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]; *Loch v Garber*, 69 AD3d at 816; *Yelder v Walters*, 64 AD3d 762, 764 [2009]; *Almonte v Tobias*, 36 AD3d 636 [2007]; *Berner v Koegel*, 31 AD3d at 592-593). However, "[a] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (*Todd v Godek*, 71 AD3d 872, 872 [2010]).

Here, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability. The evidence submitted by the plaintiff in support of his motion failed to set forth the location of his vehicle in relation to the defendants' vehicle, and failed to state which vehicle entered the intersection first. In light of the plaintiff's failure to meet his prima facie burden, we need not consider the sufficiency of the defendants' papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Boodlall v Herrera*, 90 AD3d 590 [2011]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability (*see Gause v Martinez*, 91 AD3d 595 [2012]). Skelos, J.P., Dillon, Roman and Maltese, JJ., concur.