Charlery v Allied Tr. Corp. (2018 NY Slip Op 05443)





Charlery v Allied Tr. Corp.


2018 NY Slip Op 05443


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-10060
 (Index No. 509884/15)

[*1]Jacqueline Charlery, plaintiff-respondent, 
v
Allied Transit Corp., et al., appellants, Douglas J. Fecht, defendant-respondent.


Johnson Liebman, LLP, New York, NY (Charles D. Liebman of counsel), for appellants.
David B. Golomb, New York, NY (Frank A. Longo of counsel), for plaintiff-respondent.
Richard T. Lau & Associates (Picciano & Scahill, P.C., Bethpage, NY [Francis J. Scahill and Andrea E. Ferrucci], of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Allied Transit Corp. and Joseph P. Quarm appeal from an order of the Supreme Court, Kings County (Theresa Ciccotto, J.), dated September 12, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs.
On March 30, 2015, a school bus owned by the defendant Allied Transit Corp. and operated by the defendant Joseph P. Quarm (hereinafter together the bus defendants) came into contact with a van owned and operated by the defendant Douglas J. Fecht. The plaintiff, a passenger in the school bus at the time of the accident, subsequently commenced this action to recover damages for personal injuries she allegedly sustained. The bus defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that Fecht's negligent operation of his van was the sole proximate cause of the accident. The Supreme Court denied the motion, and the bus defendants appeal.
"A driver is negligent if he or she violates Vehicle and Traffic Law § 1128 (a) by, inter alia, failing to drive as nearly as practicable entirely within a single lane'" (Kaur v Demata, 123 AD3d 772, 773, quoting Vehicle and Traffic Law § 1128[a]). "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Aponte v Vani, 155 AD3d 929, 930; Calderon-Scotti v Rosenstein, 119 AD3d 722, 723). "The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Kolivas v Kirchoff, 14 AD3d 493 493; see Chimbo v Bolivar, 142 AD3d 944; Gause v Martinez, 91 AD3d 595, 596; Stukas v Streiter, 83 AD3d 18, 23).
The defendants failed to carry their initial burden in moving for summary judgment. In support of the motion, the bus defendants submitted, inter alia, the deposition testimony of the parties, which provided conflicting evidence as to how the accident occurred, including which vehicle entered the other vehicle's lane prior to the collision. In light of the conflicting evidence presented, the bus defendants failed to meet their burden of establishing, prima facie, that the defendant Quarm was not at fault in the happening of the accident (see Beres v Terranera, 153 AD3d 483, 485; Pena v Spade, 145 AD3d 791, 792; Gause v Martinez, 91 AD3d at 597; Pollack v Margolin, 84 AD3d 1341, 1342). Accordingly, we agree with the Supreme Court's determination denying their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court