■ ELBA FALTO, Respondent, v SKILL-MAN CONTRACTING, INC., et al., Appellants, and LUIS A. LOPEZ et al., Respondents. [801 NYS2d 378]—In an action to recover damages for personal injuries, the defendants Skill-Man Contracting, Inc., and Erik Torres appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated February 9, 2005, which granted the plaintiff's motion for summary judgment on the issue of liability against them and granted the cross motion of the defendants Luis A. Lopez and Israel Nunez for summary judgment dismiss-

ing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendants Luis A. Lopez and Israel Nunez which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the motion is denied, and that branch of the cross motion of the defendants Luis A. Lopez and Israel Nunez which was for summary judgment dismissing the appellants' cross claims insofar as asserted against them is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In opposition to the respondents' prima facie showing that the appellants' vehicle was operated negligently and that such negligence was a proximate cause of the accident, the appellants raised a triable issue of fact as to whether the vehicle owned by the defendant Luis A. Lopez and operated by the defendant Israel Nunez was also operated negligently and whether such negligence may also have been a proximate cause of the accident. Accordingly, the motion and that branch of the cross motion which was for summary judgment dismissing the appellants' cross claims should have been denied (*see King v Washburn,* 273 AD2d 725 [2000]; *Walker v Dartmouth Plan Leasing Corp.,* 180 AD2d 952, 953-954 [1992]; *see generally Jablonski v Rapalje,* 14 AD3d 484, 486 [2005]; *cf. Persaud v Darbeau,* 13 AD3d 347 [2004]; *Torro v Schiller,* 8 AD3d 364 [2004]; *Agin v Rehfeldt,* 284 AD2d 352 [2001]). Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.