■ Lisa Zannelli, Respondent, v John Walker, Appellant, et al., Defendants. (And Another Action.) [811 NYS2d 420]—

In an action to recover damages for personal injuries, the defendant John Walker appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated January 3, 2005, as denied his cross motion for sum-

mary judgment dismissing the complaint on public policy grounds or, in the alternative, for partial summary judgment on the issue of the plaintiff's comparative negligence.

Ordered that order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendant John Walker which was to dismiss the complaint on the ground that the plaintiff is precluded from recovery because the injuries she sustained resulted from her own violation of Penal Law § 120.20 (*see generally Manning v Brown,* 91 NY2d 116, 120-121 [1997]; *Barker v Kallash,* 63 NY2d 19, 24-26 [1984]). Under the circumstances of this case, the plaintiff's reckless act of grabbing and turning the steering wheel while the vehicle was being operated by Walker, does not constitute the type of serious criminal or illegal conduct warranting invocation of the *Barker/Manning* rule (*see Manning v Brown, supra; Barker v Kallash, supra; Rokitka v Barrett,* 303 AD2d 983 [2003]; *Etu v Cumberland Farms,* 148 AD2d 821 [1989]; *Craft v Mid Is. Dept. Stores,* 112 AD2d 969, 971 [1985]). The parties were not knowing participants engaged in criminal activity at the time of the accident, nor does the plaintiff seek to impose a duty upon Walker arising out of her illegal and dangerous act. Rather, the plaintiff seeks to hold Walker responsible based upon his independent duty not to drive while intoxicated, which she alleged contributed to the accident (*see Alami v Volkswagen of Am.,* 97 NY2d 281, 286 [2002]). Accordingly, any unlawful conduct by the plaintiff in contributing to the accident goes to the issue of comparative negligence (*see Barker v Kallash, supra* at 24).

In addition, the Supreme Court properly denied that branch of Walker's motion which was for partial summary judgment on the issue of the plaintiff's comparative negligence, as Walker failed to establish his prima facie entitlement to that relief. Although the evidence submitted by Walker established that the plaintiff was convicted of reckless endangerment in the second degree (*see* Penal Law § 120.20) following the accident, Walker, as the party seeking the benefit of collateral estoppel, was required to prove that the identical issues were necessarily determined in the prior criminal action and are decisive in the present action (*see D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664 [1990]; *Lili B. v Henry F.,* 235 AD2d 512 [1997]; *McDonald v McDonald,* 193 AD2d 590 [1993]). Whether or not the plaintiff's conduct was a proximate cause of the accident was not an element of reckless endangerment in the second degree (*see* Penal Law § 120.20) and, thus, not necessar-

ily determined in the criminal action. Moreover, the additional evidence submitted by Walker did not satisfy his burden of demonstrating the absence of a triable issue of fact as to whether the plaintiff's act of grabbing and turning the steering wheel was a proximate cause of the accident (*see Thoma v Ronai,* 82 NY2d 736 [1993]; *Falto v Skill-Man Contr., Inc.,* 21 AD3d 985, 986 [2005]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.