OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we determine that it was legally sufficient to establish defendant’s guilt of leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [2] [a]). The proof in the case at bar amply demonstrated that defendant knew or had, as provided in the statute, “cause to know that personal injury ha[d] been caused . . . due to an incident involving” (Vehicle and Traffic Law § 600 [2] [a]) the bus he was operating. Defendant stopped the bus, apologized to the complainant, heard her request for an ambulance, and left the scene without exhibiting the required documents and without providing the required information. We note that it is not necessary for the incident to have caused “physical injury,” in the sense of “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]), but simply “personal injury” (Vehicle and Traffic Law § 600 [2] [a]). Defendant was not justified, under the circumstances, in waiting until found by the police, two weeks after the incident, to make an assertion that he had not heard or felt any contact between his bus and complainant.
We are also of the view that the verdict was not against the weight of the evidence (see CPL 470.15 [5]). While the proof of guilt adduced at trial may not have been totally free of inconsistencies, it did reflect, contrary to the position taken herein by our dissenting colleague, a lack of fabrication. An independent, adult eyewitness testified for the People that complainant got up and tried to follow the bus but “couldn’t do it.” While complainant may at one point have indicated that the driver’s side of the bus hit her, she appears to have corrected herself by subsequently saying that she was hit “where the door is,” which would be on the opposite side. Resolution of matters of credibility and the weight to be accorded the evidence are questions primarily to be determined by the trier of fact which saw and heard the witnesses (People v Romero, 7 NY3d 633, *28 [2006]) and we find no basis to disturb such determination.
The remaining contentions raised by defendant upon this appeal are unpreserved and/or similarly lacking in merit.