*592 OPINION OF THE COURT
James G. Starkey, J.
By notice of motion dated June 11, 2007, plaintiff Crystal Cabrera seeks summary judgment pursuant to CPLR 3212 and the doctrine of collateral estoppel on the issue of liability. Plaintiff argues that the defendants are precluded from denying liability for the accident as defendant driver was convicted after trial pursuant to Vehicle and Traffic Law § 600 (2) (a).*
The parties appeared in Part 6 of this court for oral argument on July 11, 2007, and decision was reserved.
Facts and Procedural Background
Plaintiff Crystal Cabrera alleges that on July 16, 2003 she was a pedestrian struck by a yellow school bus while she was crossing the intersection of 50th Street and 12th Avenue, Brooklyn, New York. The driver of the school bus stopped his vehicle, exited and heard plaintiff request an ambulance before returning to the vehicle and leaving the scene. Plaintiff took down the license plate number of the vehicle and gave it to the responding police officers from the 66th Precinct.
Two weeks later, defendant Nick Bogomolsky was arrested and subsequently charged with leaving the scene of an incident without reporting it pursuant to Vehicle and Traffic Law § 600 (2) (a). At the time of his arrest — and at trial — defendant maintained that he had not heard or felt any contact between the bus he was operating and plaintiff. In essence, he denied that an accident with plaintiff had occurred. However, he was convicted of the charge, and the conviction was upheld on appeal. (People v Bogomolsky, 14 Misc 3d 26 [App Term, 2d Dept *593 2006].) Based on the decision of the Appellate Term, plaintiff now seeks summary judgment on the issue of liability pursuant to the doctrine of collateral estoppel.
Law and Application
Summary judgment is a drastic remedy, and should be granted only when it is clear that no triable issues of fact exist. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) The burden is upon the moving party to make a prima facie showing that the movant is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of any material facts. (Giuffrida v Citibank Corp., 100 NY2d 72 [2003].) A failure to make that showing requires the denial of the motion, regardless of the adequacy of the opposing papers. (Ayotte v Gervasio, 81 NY2d 1062 [1993].) If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact. (Alvarez v Prospect Hosp. at 324.)
Plaintiff asserts entitlement to summary judgment on all issues related to liability. But, insofar as Vehicle and Traffic Law § 600 (2) (a) — a criminal statute — is concerned,
“there is no requirement that the People establish proximate causation in accordance with the principles applicable to the law of torts and homicides ... In other words, the mere occurrence of an injury to another person is sufficient to trigger the statutory provisions, irrespective of whether the motorist is at fault.” (People v Petterson, 103 AD2d 811, 811 [2d Dept 1984].)
Plaintiff, as the party seeking the benefit of collateral estoppel,
“was required to prove that the identical issues were necessarily determined in the prior criminal action and are decisive in the present action .... Whether or not plaintiffs conduct was a proximate cause of the accident was not an element of [the crime charged] and, thus, [was] not necessarily determined in the [underlying] criminal action.” (Zannelli v Walker, 27 AD3d 460, 461-462 [2d Dept 2006].)
Since proximate cause was not considered in the underlying criminal matter, plaintiff cannot be entitled to summary judgment on liability based on collateral estoppel.
For the same reason, defendant cannot be collaterally estopped from denying that an accident occurred. While the verdict in the criminal case established that defendant was *594 involved in an “incident” involving his motor vehicle, it was not an element of the prosecution’s case that the “incident” was, in fact, an “accident.” That there was an accident, therefore, was not necessarily determined therein. (See Zannelli v Walker, supra.)
Conclusion
In light of the above, plaintiffs motion for summary judgment is denied.

 Vehicle and Traffic Law § 600 (2) (a), entitled “Personal injury,” reads as follows:
“Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his or her license and insurance identification card for such vehicle, when such card is required pursuant to articles six and eight of this chapter, and give his or her name, residence, including street and street number, insurance carrier and insurance identification information including but not limited to the number and effective dates of said individual’s insurance policy and license number, to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he or she shall report said incident as soon as physically able to the nearest police station or judicial officer.”