■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KOHLER, Appellant. [926 NYS2d 160]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered March 19, 2009, convicting him of leaving the scene of a fatal accident without reporting and reckless driving, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of leaving the scene of a fatal accident without reporting beyond a reasonable doubt. Moreover, upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Given the circumstances of the accident, the damage to the defendant's car, and the immediate response by bystanders to block traffic and assist the decedent, while the defendant was still in proximity to the scene, the evidence established that the defendant knew or had cause to know that he had caused personal injury to another person (*see* Vehicle and Traffic Law § 600 [2] [a]). The evidence did not support the defendant's allegation that he thought he had hit a bird or a pothole.

The defendant's contention that the evidence was legally insufficient to establish his guilt of reckless driving is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]). In any event, it is without merit. Moreover, upon reviewing the record here, the verdict of guilt was not against

the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention regarding his challenge to the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The trial court limited cross-examination to the defendant's most recent conviction, and that offense was probative of the defendant's willingness to place his interests above those of society (*see People v Seymour*, 77 AD3d 976 [2010]; *People v Diaz*, 50 AD3d 919 [2008]; *People v Myron*, 28 AD3d 681 [2006], *cert denied* 549 US 1326 [2007]). Under these circumstances, the defendant failed to sustain his burden of "demonstrating that the prejudicial effect of the evidence of his prior conviction so outweighed its probative worth that its exclusion was warranted" (*People v Myron*, 28 AD3d at 683; *see People v Mackey*, 49 NY2d 274, 282 [1980]; *People v Boseman*, 161 AD2d 601, 602 [1990]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Eng, Hall and Lott, JJ., concur.