■ CHARNISE COAKER, Appellant, v EDDIE R. MULET et al., Respondents. [41 NYS3d 38]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered May 14, 2015, which granted the motion of defendants Andres F. Salazar-Salazar and UB Distributers LLC (collectively Salazar) for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Salazar established entitlement to judgment as a matter of law in this action for personal injuries sustained in a motor vehicle accident. Salazar submitted deposition testimony and a copy of a photograph depicting the position of the vehicles at the scene, which show that defendant Mulet, who was driving the car in which plaintiff was a passenger, changed lanes before determining that it was safe to do so (*see* Vehicle and Traffic Law § 1128 [a]; *Cascante v Kakay*, 88 AD3d 588 [1st Dept 2011]; *Zummo v Holmes*, 57 AD3d 366 [1st Dept 2008]). Indeed, Mulet admitted that he "took the chance and went" into the left lane, despite having received no acknowledgment from, and not being able to see, the other driver.

Plaintiff has not identified any evidence that Salazar-Salazar, who was within his lane of travel, was comparatively negligent. Mulet's belief that the truck did not move quick enough after the traffic light turned green is not evidence of comparative negligence, and plaintiff's speculation that Salazar-Salazar was operating a cell phone at the time of the collision, fails to raise a triable issue of fact (*see e.g. Guerrero v Milla*, 135 AD3d 635 [1st Dept 2016]; *Velasquez v MTA Bus Co.*, 132 AD3d 485 [1st Dept 2015]).

We have considered the remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.