The People of the State of New York, Respondent,
against
Nissim Nisimow, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Robert G. Seewald, J.H.O.), rendered March 21, 2014, after a nonjury trial, convicting him of leaving the scene of an incident without reporting, and imposing sentence.




Per Curiam.
Judgment of conviction (Robert G. Seewald, J.H.O.), rendered March 21, 2014, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of leaving the scene of an incident without reporting (see Vehicle and Traffic Law § 600[2][a]), and contained sufficient factual allegations to support the inference that defendant knew or had "cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle" he was operating (Vehicle and Traffic Law § 600[2][a]). The instrument recited that when complainant was in the cross walk, directly in front of defendant's stopped van, defendant "accelerate[d] his vehicle and struck [complainant] on both knees," causing complainant to "immediately fall to the ground"; that when defendant "exited his vehicle," complainant requested information, to which defendant replied "call the police"; that as complainant called the police, "defendant entered his vehicle and drove away without providing his personal information"; and that as a result of defendant's actions, the complainant suffered injuries, including "a fractured left knee, torn ligaments ... [and] "several slipped disks in his back" (see People v Kohler, 85 AD3d 1203 [2011], lv denied 18 NY3d 860 [2011]; People v Lewis, 162 AD2d 760, 764 [1990], lv denied 76 NY2d 894 [1990]). 
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The proof at trial, including the complainant's testimony that, after he was struck by the van, he yelled at defendant "you just hit me with your car, give me your information," amply demonstrated that defendant knew or had "cause to know that personal injury ha[d] been caused ... due to an incident involving" the vehicle he was operating (Vehicle and Traffic Law § 600[2][a]). Since only "personal injury" is required, the fact that this was not a "collision of great magnitude" is irrelevant (see People v Bogomolsky, 14 Misc 3d 26, 27 [App Term, 2d Dept 2006]).
The court appropriately exercised its discretion in denying defendant's request for an [*2]adverse inference concerning the People's failure to preserve the 911 recording. There was no bad faith or lack of diligence on the part of the People (see People v Martinez, 71 NY2d 937, 940 [1988], and defendant was not prejudiced in that he was furnished with the Sprint report of the 911 call, which afforded him sufficient opportunity for impeachment (see People v Bailey, 24 AD3d 106, 106 [2005], lv denied 6 NY3d 773 [2006]; People v Marengo, 276 AD2d 358, 359 [2000], lv denied 95 NY2d 936 [2000]). Defendant's claim that the actual recording would have had additional impeachment value is entirely speculative (see People v Brown, 92 AD3d 455, 456-457 [2012], lv denied 18 NY3d 955 [2012]; People v Peralta, 271 AD2d 359 [2000], lv denied 95 NY2d 837 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 21, 2017