Carthen v Sherman (2019 NY Slip Op 00954)





Carthen v Sherman


2019 NY Slip Op 00954


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8075 155160/14

[*1]Trena Carthen, Plaintiff-Respondent,
v
Scott Sherman, Defendant-Appellant, Candis Jackson, et al., Defendants-Respondents.


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka and Andrea Alonso of counsel), for appellant.
Morton Povman, P.C., Forrest Hills (Morton Povman of counsel), for Trena Carthen, respondent.
Russo & Tambasco, Melville (Yamile Al-Sullami of counsel), for Candis Jackson and Gilbert Burghardt, respondents.



Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about March 2, 2018, which denied defendant Scott Sherman's motion for summary judgment dismissing the complaint and all cross claims as against him, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In support of his motion, Sherman submitted his own deposition testimony, deposition testimony of defendant Candis Jackson, and the police report, all showing that Jackson merged from the right lane of the Henry Hudson Parkway into Sherman's middle lane. Sherman also pointed to plaintiff's deposition testimony, in which she admitted that she never saw his car until after the impact, thus indicating that she did not see how the accident occurred. Sherman further testified that, upon seeing that Jackson was moving directly towards him, he braked and swerved to the left, away from her. By the foregoing, Sherman made out a prima facie showing of entitlement to summary judgment based upon Jackson's violation of Vehicle and Traffic Law § 1128(a) and Sherman's own freedom from comparative negligence (see McDaniel v Codi Transp., Ltd., 149 AD3d 595, 595 [1st Dept 2017]; Coaker v Mulet, 144 AD3d 499, 499 [1st Dept 2016]).
The opposition failed to raise any triable issues of fact. Plaintiff Trena Carthen's internally contradictory deposition testimony, in which, after initially stating that she never saw the impact, she repeatedly claimed that Jackson was driving in the middle lane, and Sherman swerved into them from the right, is demonstrably false and incredible as a matter of law (see Finley v Erie & Niagara Ins. Assn., 162 AD3d 1644, 1645-1646 [4th Dept 2018]; see also MRI Broadway Rental v United States Min. Prods. Co., 242 AD2d 440, 443 [1st Dept 1997], affd 92 NY2d 421 [1998]), as it contradicts every other piece of evidence in the record indicating that Jackson moved into Sherman from the right, including photographs showing that Sherman's front right fender was damaged, which could not have occurred if, as plaintiff claimed, he had struck Jackson from the right. Those photographs are in turn corroborated by the police report, which shows damage only to Sherman's front right fender and Jackson's rear left side.
Although we agree with the dissent that as a general premise "the contradictions in the testimony of the respective parties raise issues of credibility for the trier of fact to resolve," there are rare instances where credibility is properly determined as a matter of law (see e.g. Finley v Erie & Niagara Ins Assn., 162 AD3d at 1654-1646; Loughin v City of New York, 186 AD2d 176, 177 [2d Dept 1992]). This Court is not "required to shut its eyes to the patent falsity of a [*2][claim]" (MRI Broadway Rental v United States Min. Prods. Co., 242 AD2d 440, 443 [1st Dept 1997], affd 92 NY2d 421 [1998]). Here, for the reasons explained before, we conclude that plaintiff's deposition testimony was demonstrably false and should be rejected as incredible as a matter of law, permitting summary judgment in favor of defendant.
Moreover, even assuming it constitutes evidence of his "consciousness of liability" (see Miller v Lewis, 40 Misc 3d 499 [Sup Ct, Kings County 2013]), Sherman's apparent violation of Vehicle and Traffic Law 600(1)(a) (by driving some two miles after the accident before stopping) cannot alone generate a triable issue of fact on liability, particularly, where all of the credible direct evidence — testimonial and photographic — establishes that he was free from fault in causing the accident (see Cabrera v Bais Fruma Primary School, 17 Misc 3d 591, 593 [Sup Ct, Kings County 2007] [criminal conviction for violation of § 600 does not ipso facto "establish proximate causation in accordance with the principles applicable to the law of torts"] [internal quotation marks omitted]).
All concur except Acosta, P.J. and Manzanet-Daniels, J. who dissent in a memorandum by Manzanet-Daniels, J. as follows:
MANZANET-DANIELS, J. (dissentng)
I respectfully dissent and would affirm the order. It is not our job in evaluating a motion for summary judgment to adjudge the relative merits of the parties' cases, but merely to determine whether the parties have met their respective burdens. Plaintiff's testimony that defendant "cut us off" and "sideswiped" the car in which she was a passenger and "hit the rear," in my view, suffices to raise a triable issue of fact warranting trial. The majority's assertion that plaintiff's testimony was "internally contradictory" entails a credibility determination we are not empowered to make. The EBT transcript is, admittedly, confusing, with time frames being unclear and even the distinction between "left" and "right" at times muddied. Thus, while defendant alights on isolated testimony that plaintiff did not see defendant's vehicle prior to impact, plaintiff also unequivocally testified that defendant cut off the vehicle in which she was traveling. She testified that the driver of her vehicle was not in the process of switching lanes when the vehicle was hit, in direct contradistinction to the account of defendant driver. Indeed, the fact that the driver of her vehicle had to chase down defendant after the impact in order to exchange insurance information arguably undercuts defendant's assertions concerning culpability for the accident. The contradictions in the testimony of the respective parties raise issues of credibility for the trier of fact to resolve
(see Medina-Ortiz v Seda, 157 AD3d 499 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK